Gaston, Judge.
The counsel for the prisoner objects to the sufficiency of the record in this case to warrant the judgment which has been rendered upon it. The defect alleged is, for that it does not appear upon the record that the who returned the verdict finding the prisoner guilty of the felony and murder charged in the indictment, was sworn to try the matter put in issue by the prisoner’s plea. We have considered the objection, and are of opinion that it cannot be sustained.
In our Bill of Rights it is declared, that “ no freeman shall be put to answer any criminal charge but by indictment, presentment or impeachment;” and that “ no freeman shall convicted of any charge but by the unanimous verdict good and lawful men, in open Court, as heretofore used.” Declaration of Rights, sections 7 & 8. These declarations have a plain reference to the provisions which the laws England had devised for the protection of persons charged with criminal offences, and which had been brought over by our ancestors and incorporated into our jurisprudence before the Revolution. An indictment is a written accusation by the State against the prisoner, preferred upon the oaths twelve or more of his fellow citizens called a grand jury; and if the truth of that accusation be denied by the prisoner, cannot be convicted thereof, unless it be confirmed by the nanimous suffrages of twelve more of his fellow citizens as petit jury. In capital cases, though it is usual to make up an issue with the prisoner on his plea of not guilty, yet it is not necessary so to do. The issue is immaterial, for the trial is in the nature of an inquisition, in which the jury is charged to enquire of the truth of the accusation contained in the A dictrnent—1 Chitty on Criminal Law, 481—Queen vs. Tutchin, 6 Mod. 281—Rex vs. Oneby, 2 Stra. 775—Rex vs. Royce, 4 Bur. 2084—2085. As was properly said in 47 * 4 1 J gument in the King vs. Dowlin, 5 Term Rep. 314, manner of calling upon the prisoner how he will acquit self of the charge, the subsequent demand of the manner which he will be tried, the oath of the jury to make true liveranee of the prisoner, whom they have in charge, charge given to the jury when empannelled, and the oath *412 ministered to the witnesses, are all indicative of an inquisition, and not of an issue to be tried between parties.” It would probably not be error, if the record were to set forth (j-^ verdict as a finding on the issue joined between the State and the prisoner, where the issue is joined on the truth of indictment; but certainly such is not the regular form of stating it. In the Appendix to the 4th vol. of Blacksfone’s ° .... ..... . Commentaries is given the record of an indictment and conviction of murder, in which, after setting forth the indictment against the prisoner, (Peter Hunt,) his arraignment, his denb al of the truth of the matters therein charged upon him, and thereof for good and evil putting himself upon the country, an¿ that the clerk of the assises, who prosecutes for the King . r . _ , in this behalf, doth the same, it sets forth an order for a jury come 11 to recognize upon their oath whether the said Peter Hrmt be guilty of the felony and murder in the indictment aforesaid above specified or not guilty, and that the jurors of the said jury for this purpose by the said sheriff im-panelled and returned, do come, and then proceeds thus: “ who being elected, tried and sworn to speak the truth of and concerning the premises, upon their oath say,” &c., &c.
Wouid ror, if die record were to set forth asYlndhíg on h<Mie tween ihe theprfsoner, where the issue is joined on íhe ment, bm the regular ItathigV.
The objection then resolves itself into this, that the record does not shew with requisite certainty, that the jury was sworn to try the truth of the matters charged in the indictment. Now the record sets forth the indictment, the answer of the prisoner upon the enquiry how he will acquit himself of the premises in that indictment charged upon him, “ that he is not guilty thereof, and therefor for good and evil puts himself upon the country;” and also, that “ the Attorney General, who in this behalf prosecutes for the State, doth the like;” and thereupon it is ordered, “ let a jury, by whom the truth thereof may be the better known, come.” Then, after stating other matters which ought not to have a place in the record, it proceeds, “ and afterwards, in the said case, State vs. Thomas H. Christmas, indictment, murder, the following jury being sworn and empanelled, to wit,” (naming them,) “ who say that the prisoner, Thomas H. Christmas, is guilty of the felony and murder ill manner and form as charged in the indictment.” Now, it would seem to be a sufficient an *413 swer to the supposed uncertainty in regard to the oath ministered to the jury, that this is a record of the proceedings, not of an inferior court properly so called, but of a court of supreme original jurisdiction, and that the law always presumes, until the contrary appears, that the proceedings which the record of that court shews to have been had, were, as 7 7 concerns form and manner, correctly done. State vs. Kimbrough, 2 Hawks, 431 — State vs. Seaborn, 4 Dev. 305. But it is not necessary to rely upon this answer. For however unclerical may be several of the terms to be found in this -record, and however much to be regretted any deviation in a record of so grave a character, from the appropriate language to which long established forms have given a precise meaning — a deviation justly calling for a strict scrutiny into the import of the terms used — yet, on the record, such as it is, there is no rational ground for the alleged doubt. indictment contains the accusation — the prisoner denies it — a jury is ordered to try the truth of it — that jury is sworn and returns a verdict directly responsive to the accusation. The record cannot be otherwise understood than as averring, if not in express terms, yet by necessary implication, that the jury so sworn was sworn to try what it was ordered to try— what alone was to be tried — what the jury did try — the truth of the accusation. It is enough that the récord be certain to a certain intent in general. -It is not necessary that it should be certain to a certain intent in event particular, so as - , solntely to exclude every possible conclusion, all argument, presumption or inference against it. The time was in land when, it being entirely at the pleasure of the crown to grant or refuse a writ of error m any criminal case, subtle objections, like that now raised, were allow.ed to prevail, in order to carry into effect the presumed will of the crown to extend mercy to the prisoner. But it has long since been settled there, and certainly is the law here, that a judgment in a criminal case cannot be reversed without shewing substantial error.
i„ a court of supreme original ju-risiiictio», ways'pre-"’ proceeding» record1 of uom,t have been ^concern» and correctly “ '
. «imt tbe”^ ““díc-men" mu,'der» be cei-uun to a ceiiam n si.ouid be certain ¡n- /«'•- s".™ to "x"iu¿ elusion, all' argument, íyesump-a-
This Court is of opinion that no error appears in the record of the proceedings below, to warrant a reversal of the ment there rendered. This decision must be certified to *414 Superior Court of Law for the County of Warren, with directions to proceed to judgment and sentence of death against the prisoner, Thomas H. Christmas, agreeably thereto and to the laws of the State*
Per Curiam. - Judgment to be affirmed.